UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRELL BROUGHTON,

                          Plaintiff,

          -against-

TRUST BANK,

                          Defendant.

23-CV-6042 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is proceeding *pro se*, brings this action asserting that Defendant has

violated his rights. By order dated July 24, 2023, the Court granted Plaintiff's request to proceed

*in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below,

the Court dismisses the complaint but grants Plaintiff 30 days' leave to replead his claims in an

amended complaint.

## STANDARD OF REVIEW

          The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

          While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action, using the court's general complaint form, against Trust Bank.

In response to the question on the form asking for the facts underlying this action, Plaintiff

asserts that Defendant violated "multiple federal laws." (ECF 1 ¶ III.)[1] Plaintiff does not provide

any facts relating to these alleged violations, but attached to the complaint are more than 60

pages of documents,[2] including: (1) a $30,000 retail installment contract between Plaintiff and

Pepmore Auto Sales in Queens, New York, for a used 2018 vehicle; (2) a November 15, 2022

letter from Plaintiff to Trust Bank asking that it "cease and desist all contact and communication"

regarding the "collection of an alleged debt and all related matters," and characterizing its

communications to him as "Deceitful," "Threatening," "Causing emotional and physical duress,"

"Illegal," "Unlawful," and "Malpractice"; (3) a December 8, 2022 letter from Trust Bank stating

that it "appreciate[d] the opportunity to respond" to Plaintiff's letter, noting that Plaintiff had

taken out a $30,000 automobile loan on which $24,824.74 remained due, and that a lien would

remain on the vehicle until the balance was paid; (4) an April 8, 2023 letter from Trust Bank

stating that it had investigated the dispute and determined that the balance remained due; and

---

[1] The Court quotes verbatim from the complaint. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Plaintiff filed another complaint naming a different defendant, but which may be related to this one. *See Broughton v. VW Credit Volkswagen*, ECF 1:23-CV-4884, 1 (S.D.N.Y. filed June 9, 2023) (pending).

(5) monthly statements from Trust Bank to Plaintiff showing the loan balance. (*Id.* at 8-11, 24-26, 33-34, 41-47.)

Also attached to the complaint are several documents written by Plaintiff, entitled "Affidavit[s] of Truth," in which he cites to the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* at 13-14, 18-22, 27-39.) Plaintiff alleges that the loan contract should be "null and void," because finance charges "can only be paid when money is in hand and or money [is] direct deposited into a consumer's bank account,'" and that Trust Bank "leveraged" his "name, merit, and social security number" on the promissory note. (*Id.* at 19.) Plaintiff seeks to void the contract and to have the lien removed from the vehicle. (*Id.* at 19.)

## DISCUSSION

### A.      Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Furthermore, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise

unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 Fed. App'x 233, 235 (2d Cir. 2003) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)); *see Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"). Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted). "It is not the Court's job – nor the opposing party's – to decipher a complaint that is 'so poorly composed as to be functionally illegible.'" *Ghosh v. N.Y.C. Hous. Auth.*, No. 21-CV-6139, 2023 WL 3612553, at *6 (S.D.N.Y. Feb. 27, 2023) (quoting *Avramham v. N.Y.*, No. 20-CV-4441, 2020 WL 4001628, at *2 (S.D.N.Y. July 15, 2020)). A complaint that fails to comply with Rule 8 may be dismissed. *See Da Costa v. Marcucilli*, 675 Fed. App'x 15, 17 (2d Cir. 2017) (summary order) (dismissing a complaint because it was convoluted, repetitive and difficult to understand); *Anduze v. City of New York*, No. 21-CV-519, 2021 WL 795472, at *2 (S.D.N.Y. Feb. 26, 2021) (dismissing a complaint as incomprehensible because it was illegible and the legible portions were incomprehensible, such that "the [c]ourt is unable to properly evaluate the full nature and extent of [the] [p]laintiff's claims"); *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (stating that the policy requiring courts to liberally construe *pro se* complaints "does not mandate that a court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

Plaintiff's allegations do not comply with Rule 8 because he does not provide a short and plain statement giving Defendant fair notice of the claims he is asserting and the grounds on

which they rest. From the attachments to the complaint, it appears that Plaintiff is seeking to

bring claims against Defendant in connection with the car loan, but the complaint does not

contain sufficient facts about what occurred or how Defendant allegedly violated Plaintiff's

rights.[3]

## B.    Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the

Court grants Plaintiff leave to file an amended complaint to provide facts showing that he can

state a claim against Defendant under the FDCPA, or any other claim falling within the Court's

jurisdiction.

---

[3] Plaintiff refers to the FDCPA, which applies to consumer debt "arising out of . . .
transaction[s] . . . primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5);
*Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he
FDCPA is triggered when the obligation is a debt arising out of a consumer transaction."). The
FDCPA prohibits those who qualify as "debt collectors" from using deceptive and misleading
practices, 15 U.S.C. § 1692e, or engaging in "conduct the natural consequence of which is to
harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C.
§ 1692d. The FDCPA defines a debt collector as: (1) a person whose principal purpose is to
collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who
collects its own debts, using a name other than its own as if it were a debt collector. 15 U.S.C.
§ 1692a(6).

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-6042 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to issue judgment consistent with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 3, 2024
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____          ____ Civ. _____ ( ____ )

*(In the space above enter the full name(s) of the plaintiff(s).)*

                                                                  **AMENDED**
                                                                  **COMPLAINT**

                        -against-

                                                         Jury Trial:   ☐ Yes      ☐ No
_____                            (check one)

_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you*
*cannot fit the names of all of the defendants in the space provided,*
*please write "see attached" in the space above and attach an*
*additional sheet of paper with the full list of names.  The names*
*listed in the above caption must be identical to those contained in*
*Part I.  Addresses should not be included here.)*


**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your
        identification number and the name and address of your current place of confinement.  Do the same
        for any additional plaintiffs named.  Attach additional sheets of paper as necessary.


Plaintiff      Name _____

               Street Address _____

               County, City _____

               State & Zip Code _____

               Telephone Number _____


B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual.  Include the address where
        each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
        contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 2        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 3        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 4        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

        ☐ Federal Questions                ☐ Diversity of Citizenship


B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right
        is at issue? _____
        _____
        _____


C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

        Plaintiff(s) state(s) of citizenship _____

        Defendant(s) state(s) of citizenship _____

        _____

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur?  _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur?  _____

_____

_____

C.      Facts:  _____

_____

| What happened to you? |
_____

_____

_____

_____

| Who did what? |
_____

_____

_____

_____

_____

| Was anyone else involved? |
_____

_____

_____

| Who else saw what happened? |
_____

_____

_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  _____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____



**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

|  |  |
|---|---|
| Signature of Plaintiff | _____ |
| Mailing Address | _____ |
|  | _____ |
|  | _____ |
| Telephone Number | _____ |
| Fax Number *(if you have one)* | _____ |

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
           must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

|  |  |
|---|---|
| Signature of Plaintiff: | _____ |
| Inmate Number | _____ |